[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks payment of an unpaid account for silk-screening services provided to the defendant in 1985.
The defendant concedes liability for three of six invoices for the services rendered by the plaintiff. He claims that the work done on three of the invoices was unsatisfactory (Exhibits 3, 5 and 6), and that his customer rejected the posters produced by the plaintiff. Accordingly, he claims he should not be liable for the $1374.40 said three disputed invoices total.
When the defendant placed his order with the plaintiff he was aware that the plaintiff's capacity was limited to a size of 18" x 24". The job in question was beyond that capacity and when that was pointed out to the defendant he advised the plaintiff to go ahead doing the best he could. While it is possible to accomplish oversize printing by using two screens, it would have been more costly to the plaintiff to do so and therefore not economically practical. Despite that, when the defendant's customer complained about the size of the poster, the plaintiff did reprint the job without cost to the defendant, in an effort to maintain a harmonious business relationship, but advised the defendant that it could not do so in the future because of the added costs.
In any event, these invoices were not paid and despite the fact that monthly statements were sent to the defendant until the time the matter was turned over to a collection agency, the defendant did not dispute any of the invoices until recently. Even in 1989 when the defendant placed a new CT Page 11642 order (on a c.o.d. basis) with the plaintiff, he did not register a complaint about any of the outstanding bills.
Further, in May 1989, the defendant acknowledged owing money to the plaintiff (exhibit 8) and at that time made no mention of a dispute over the past invoices.
Accordingly, the Court finds for the plaintiff in the amount of the six unpaid invoices — $2440.45.
The statement on the bottom of the monthly billing statement with respect to 1 1/2% monthly service charge is not binding on the defendant. The Court does not find an agreement by the defendant to pay interest and the fact that it is customary to print such language on statements does not bind the defendant. The plaintiff is, however, entitled to and is awarded statutory interest in accordance with Connecticut General Statute Section 37-3a, of 10% per year, computed as follows:
Exhibit 1 — Invoice No. 3448 — $ 278.81 Exhibit 2 — Invoice No. 3501 — 244.65 Exhibit 3 — Invoice No. 3533 — 213.87 Exhibit 4 — Invoice No. 3738 — 253.79 Exhibit 5 — Invoice No. 3758 — 441.38 Exhibit 6 — Invoice No. 3793 — 358.00 -------- Total Interest $1790.50
The plaintiff's post-trial motion for attorney's fees is denied. Absent agreement to pay attorney's fees the Court will usually decline to do so.
Accordingly, judgment shall enter for the plaintiff in the amount of $4,230.95 plus costs.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court CT Page 11643